UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAUL MANUEL and STACIE MANUEL | CIVIL ACTION |
| Plaintiffs | NUMBER |
| versus | |
| | SECTION |
| CAVALRY PORTFOLIO SERVICES, LLC; CAVALRY SPV I, LLC; CAWLEY & BERGMANN, LLP; ARCH INSURANCE COMPANY; ABC INSURANCE COMPANY; and XYZ INSURANCE COMPANY, | MAGISTRATE |
| | **JURY TRIAL DEMANDED** |
| Defendants | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT**

NOW INTO COURT through undersigned counsel come Paul and Stacie Manuel, who assert the following claims.

1.

This is an action for damages and other relief resulting from violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692o (the "FDCPA"), which prohibits debt collectors from engaging in deceptive, abusive, and unfair debt collection practices; and for other relief under state law.

**JURISDICTION AND VENUE**

2.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). Venue is proper in the Eastern District of Louisiana, which is the judicial district wherein a substantial part of the events relevant to the claims made herein occurred. This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

1

## PARTIES

3.

Plaintiffs, Paul and Stacie Manuel, are persons of full age of majority domiciled in Lacombe, Louisiana.

4.

Defendant, Cavalry Portfolio Services, LLC, is a Delaware limited liability company that is registered and doing business in the state of Louisiana.

5.

Cavalry Portfolio Services, LLC is a "debt collector" as defined at 15 U.S.C. § 1692a(6).

6.

Defendant, Cavalry SPV I, LLC, is a Delaware limited liability company that is registered and doing business in the state of Louisiana.

7.

Cavalry SPV I, LLC is a "debt collector" as defined at 15 U.S.C. § 1692a(6).

8.

Defendant, Cawley & Bergmann, LLP is a New York limited liability partnership that is registered and doing business as a collection agency in the state of Louisiana.

9.

Cawley & Bergmann, LLP is a "debt collector" as defined at 15 U.S.C. § 1692a(6).

10.

Defendant, Arch Insurance Company (AIC), is an issuer of policies of liability insurance that is domiciled in Missouri, and is registered and doing business in Louisiana. AIC has issued a policy of liability insurance to Cawley & Bergmann, LLP that covers the claims made herein. AIC is liable *in solido* with Cawley & Bergmann, LLP pursuant to the Louisiana Direct Action Statute, La. Rev. Stat. Ann. § 22:1269(B).

11.

ABC Insurance Company and XYZ Insurance Company are the fictitious names of insurance providers that have issued policies of insurance in favor of Cavalry Portfolio Services, LLC and Cavalry SPV I, LLC, which policies cover the claims made herein. ABC and XYZ insurance companies are liable *in solido* with the defendants pursuant to the Louisiana Direct Action Statute, La. Rev. Stat. Ann. § 22:1269(B).

**FACTS**

12.

Plaintiffs had a JC Penney credit card, which was financed by GE Retail Bank. Plaintiffs defaulted on their payments, and in late 2012 they were contacted by a New Jersey law firm, Cawley & Bergmann, LLP ("Cawley & Bergmann"). Cawley & Bergmann contacted plaintiffs to collect the JCPenney/GE account on behalf of Cavalry Portfolio Services, LLC, a company that purchases portfolios of delinquent debt.

13.

In a telephone conversation with Cawley & Bergmann, Stacie Manuel spoke to a Mr. Thomas with the firm on October 17, 2012. Ms. Manuel offered to pay the debt in installments, in amounts that she thought they could afford. Mr. Thomas ridiculed her

suggested installment payments, and threatened to garnish her wages. He told her that the least he could accept was half of what was owed, or $3,963.50, which he offered as a settlement.

14.

At the time that Mr. Thomas threatened to garnish Ms. Manuel's wages, no judgment existed against plaintiffs that would have allowed Cawley & Bergmann or its client, Cavalry Portfolio Services, LLC, to follow through with the threat.

15.

The threat of wage garnishment alarmed plaintiffs, and primarily as a result of this threat, they agreed to accept the settlement offer of $3,963.50.

16.

In order to pay the $3,963.50 settlement, plaintiffs took out a loan from their credit union. Plaintiffs went to their credit union on the same day as the telephone call with Mr. Thomas, October 17, 2012. After their request for a loan was approved, an officer at plaintiffs' credit union called Cawley & Bergmann, confirmed that the payment would settle the debt and the amount, and authorized an electronic payment of $3,963.50 to the firm.

17.

The loan, which plaintiffs are still paying on, has an 18 percent interest rate.

18.

Cawley & Bergmann notified its client, Cavalry Portfolio Services, LLC of the settlement, and transmitted settlement funds to Cavalry.

19.

Plaintiffs heard nothing more from Cawley & Bergmann, and assumed the matter was closed.

20.

At some point after plaintiffs paid the settlement, Cavalry Portfolio Services, LLC engaged the services of its affiliate, Cavalry SPV I, LLC, to collect the account.

21.

On June 4, 2013, Cavalry SPV I, LLC sued Paul Manuel on the settled debt in *Cavalry SPV I, LLC v. Paul Manuel,* Docket No. 2013-12593 (22nd Judicial District Court, Parish of St. Tammany)(the "state court suit").  The petition alleges that Mr. Manuel owes $6,127.37 on the account as of August 1, 2011, as reflected by a JCPenny statement attached to the petition, subject to a credit of $2,206.06, leaving a principal unpaid balance of $3,921.31.  The petition states that "[d]espite amicable demand, the full amount sued for herein remains past due and owing."  The prayer for relief requests judgment against Mr. Manual in "the full sum of $3,921.31, together with legal interest from the date of judicial demand until paid, reasonable attorney fees of 25% of the full principal due, and all court costs of these proceedings."  A copy of the petition is attached hereto as **Exhibit A**.

22.

The state court suit does not mention the settlement, nor does it credit Mr. Manuel for the $3,963.50 he paid in settlement and compromise.

23.

As a result of defendants' actions and failures to act, plaintiffs have suffered actual damages and injury, including but not limited to financial loss, severe stress, humiliation, anxiety, state court litigation expenses, and finance charges on the loan taken out to pay the settlement.

## FDCPA VIOLATIONS

24.

The express purpose of the Fair Debt Collection Practices Act ("FDCPA") is to eliminate abusive debt collection practices by debt collectors, and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged. 15 U.S.C. § 1692(e).

25.

Defendants have violated numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e(2)(A), 1692e(4), 1692e(5), and 1692e(10).

## VICARIOUS LIABILITY

26.

Cavalry Portfolio Services, LLC purchases portfolios of distressed consumer debt, and then assigns accounts from those portfolios to its affiliate Cavalry SPV I, LLC for collection.

27.

At all times relevant, Cavalry SPV I, LLC was acting as the lawful collection agent of Cavalry Portfolio Services, LLC.

28.

Cavalry Portfolio Services, LLC is vicariously liable for the actions of its agents, Cawley & Bergmann, LLP and Cavalry SPV I, LLC.

## PUNITIVE AND EXEMPLARY DAMAGES

29.

Cawley & Bergmann, LLP, Cavalry Portfolio Services, LLC, and Cavalry SPV I, LLC are liable to plaintiffs for punitive and exemplary damages under applicable state law, under the choice of law principles of Louisiana Civil Code Art. 3546(1).

## INSURER LIABILITY

30.

Arch Insurance Company has provided a policy of liability insurance to Cawley & Bergmann, LLP that covers the claims made herein.  Arch Insurance Company is liable *in solido* with Cawley & Bergmann, LLP pursuant to the Louisiana Direct Action Statute, La. Rev. Stat. Ann. § 22:1269(B).

31.

ABC Insurance Company and XYZ Insurance Company are the fictitious names of insurance providers that have issued policies of insurance in favor of Cavalry Portfolio Services, LLC and Cavalry SPV I, LLC, which policies cover the claims made herein. ABC and XYZ insurance companies are liable *in solido* with the defendants pursuant to the Louisiana Direct Action Statute, La. Rev. Stat. Ann. § 22:1269(B).

## **JURY DEMAND**

32.

Plaintiffs demand a trial by jury.

**WHEREFORE**, plaintiffs pray for a judgment for:

(a) Actual damages against Cavalry Portfolio Services, LLC; Cavalry SPV I, LLC; and Cawley & Bergmann, LLP under 15 U.S.C. § 1692k(a)(1).

(b) Additional damages of $1,000.00 against Cavalry Portfolio Services, LLC; Cavalry SPV I, LLC; and Cawley & Bergmann, LLP, under 15 U.S.C. § 1692k(a)(2)(A).

(c) Punitive and exemplary damages against Cawley & Bergmann, LLP, Cavalry Portfolio Services, LLC, and Cavalry SPV I, LLC under applicable state law and Louisiana Civil Code Art. 3546(1).

(d) Judgment *in solido* against Arch Insurance Company for any amount awarded in judgment against Cawley & Bergmann, LLP, pursuant to the Louisiana Direct Action Statute, La. Rev. Stat. Ann. § 22:1269(B).

(e) Judgment *in solido* against ABC and XYZ insurance companies for any amounts awarded in judgment against Cavalry Portfolio Services, LLC and Cavalry SPV I, LLC, pursuant to the Louisiana Direct Action Statute, La. Rev. Stat. Ann. § 22:1269(B).

(f) Reasonable attorney fees and costs under 15 U.S.C. § 1692k(a)(3).

(g) Interest.

(h) All other relief appropriate in the premises.

9

Respectfully submitted,

/s/ Steve R. Conley
Steve R. Conley  (LSBA #21246)
321 N. Vermont Street, Suite 210
Covington, LA  70433
Tel: 985-892-7222  FAX: 985-590-5838
steve@consumerlaw1.com